**DICKINSON WRIGHT PLLC**
MICHAEL N. FEDER
Nevada Bar No. 7332
Email:  mfeder@dickinson-wright.com
GABRIEL A. BLUMBERG
Nevada Bar No. 12332
Email:  gblumberg@dickinson-wright.com
8363 West Sunset Road, Suite 200
Las Vegas, Nevada  89113-2210
Tel:  (702) 550-4400
Fax:  (702) 382-1661

**JEFFER MANGELS BUTLER & MITCHELL LLP**
JEFFREY D. GOLDMAN (*pro hac vice application to be submitted*)
Email:  JDG@JMBM.com
TALYA GOLDFINGER (*pro hac vice application to be submitted*)
Email:  TGT@JMBM.com
1900 Avenue of the Stars, 7th Floor
Los Angeles, California  90067
Tel: (310) 203-8080
Fax: (866) 297-8774

*Attorneys for Universal Music Group, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALISA APPS,<br><br>                    Plaintiffs,<br><br>vs.<br><br>JOHN NEWMAN, STEVE BOOKER, INDIVIDUALS, ISLAND RECORDS, a United Kingdom corporation, and UNIVERSAL MUSIC GROUP, INC., a Delaware corporation,<br><br>                    Defendants. | CASE NO. 2:16-cv-01132-JAD-NJK<br><br>**ANSWER OF DEFENDANT UNIVERSAL MUSIC GROUP, INC. TO COMPLAINT** |

Defendant Universal Music Group, Inc. ("UMGI"), answering for itself and no other defendants, in response to the Complaint filed by plaintiff Alisa Apps ("Plaintiff"), denies, avers, and admits as follows:

**JURISDICTION AND VENUE**

1.       Answering paragraph 1, UMGI admits that the Complaint purports to assert a claim for copyright infringement under the U.S. Copyright Laws.  Except as expressly admitted

DICKINSON WRIGHT PLLC
8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89113-2210

herein, UMGI denies the remaining averments of paragraph 1.

2.      UMGI denies the averments of paragraph 2.

3.      UMGI denies the averments of paragraph 3.

**PARTIES**

4.      UMGI is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 4, and on that basis denies said averments.

5.      UMGI admits the averments of paragraph 5.

6.      UMGI denies the averments of paragraph 6.

7.      UMGI denies the averments of paragraph 7.

8.      Answering paragraph 8, UMGI denies that, at any relevant time, it acted in concert with defendants John Newman and/or Steve Booker.  UMGI is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 8, and on that basis denies said averments.

**FACTS**

9.      UMGI is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 9, and on that basis denies said averments.

10.     UMGI is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 10, and on that basis denies said averments.

11.     UMGI is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 11, and on that basis denies said averments.

12.     UMGI is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 12, and on that basis denies said averments.

13.     UMGI is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 13, and on that basis denies said averments.

14.     UMGI is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 14, and on that basis denies said averments.

15.     UMGI is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 15, and on that basis denies said averments.

DICKINSON WRIGHT PLLC
8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89113-2210

16.     Answering paragraph 16, UMGI denies it had access to Plaintiff's alleged work "Need to Know."  UMGI is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 16, and on that basis denies said averments.

17.     Answering paragraph 17, UMGI denies it had access to Plaintiff's alleged work "Need to Know."  UMGI is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 17, and on that basis denies said averments.

18.     Answering paragraph 18, UMGI denies it copied any portion of Plaintiff's alleged work "Need to Know."  UMGI is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 18, and on that basis denies said averments.

19.     UMGI is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 19, and on that basis denies said averments.

20.     UMGI is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 20, and on that basis denies said averments.

21.     Answering paragraph 21, UMGI denies it entered into a partnership with "Roc Nation" on that date averred or otherwise.  UMGI is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 21, and on that basis denies said averments.

22.     Answering paragraph 22, UMGI denies it had access to Plaintiff's alleged work "Need to Know."  UMGI is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 22, and on that basis denies said averments.

23.     Answering paragraph 23, UMGI denies it released a video playing the work "Love Me Again" on YouTube on the date averred or otherwise.  UMGI is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 23, and on that basis denies said averments.

24.     Answering paragraph 24, UMGI denies it released the work "Love Me Again" in any European countries for digital download on the date averred or otherwise.  UMGI is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 24, and on that basis denies said averments.

DICKINSON WRIGHT PLLC
8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89113-2210

3

25.     UMGI is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 25, and on that basis denies said averments.

26.     Answering paragraph 26, UMGI denies it released the album *Tribute* on the date averred or otherwise.  UMGI is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 26, and on that basis denies said averments.

27.     UMGI is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 27, and on that basis denies said averments.

28.     UMGI is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 28, and on that basis denies said averments.

29.     UMGI is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 29, and on that basis denies said averments.

30.     Answering paragraph 30, UMGI denies the work "Love Me Again" has generated substantial revenue and recognition for UMGI, at the expense of Plaintiff or otherwise.  UMGI is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 30, and on that basis denies said averments.

### ANSWER TO CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT

31.     Answering Paragraph 31, UMGI incorporates by reference its responses to Paragraphs 1 through 30 set forth above.

32.     UMGI denies the averments of paragraph 32.

33.     UMGI denies the averments of paragraph 33.

34.     UMGI denies the averments of paragraph 34.

35.     UMGI denies the averments of paragraph 35.

36.     UMGI denies the averments of paragraph 36.

### AFFIRMATIVE DEFENSES

Without admitting any of the averments of the Complaint, and without purporting to shift the burden of proof or persuasion as to any issue or matter on which Plaintiff bears such burden according to law, UMGI alleges the following separate and distinct affirmative defenses to the Complaint and to the claim averred therein.

4

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

37.    The Complaint fails to state facts sufficient to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

38.    On information and belief, Plaintiff lacks standing to maintain the claims averred in the Complaint.

**THIRD AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

39.    The claim averred in the Complaint is barred, in whole or in part, by the Copyright Act's statute of limitations, 17 U.S.C. § 507(b).

**FOURTH AFFIRMATIVE DEFENSE**

**(Independent Creation)**

40.    On information and belief, the allegedly infringing portions of the works at issue herein were independently created.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

41.    Plaintiff's claims are barred by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

42.    Plaintiff is estopped from asserting the claims averred in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

43.    Plaintiff has waived any right to relief.

/ / /

/ / /

/ / /

DICKINSON WRIGHT PLLC

8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89113-2210

DICKINSON WRIGHT PLLC

8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89113-2210

### EIGHTH AFFIRMATIVE DEFENSE

### (De Minimis Use)

44.     To the extent *de minimis* use is an affirmative defense (as opposed to the absence of *de minimis* use being an element of Plaintiff's case-in-chief), any averred use of Plaintiff's purported works was *de minimis*.

### NINTH AFFIRMATIVE DEFENSE

### (Fair Use)

45.     Any averred use of Plaintiff's purported copyrighted material was a fair use.

### TENTH AFFIRMATIVE DEFENSE

### (Nonjoinder or Misjoinder)

46.     On information and belief, the Complaint is barred in whole or in part based on a nonjoinder or misjoinder of parties.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Consent, Acquiescence, License)

47.     On information and belief, Plaintiff's claims are barred, in whole or in part, because the conduct complained of was consented to, acquiesced in, authorized and/or licensed, expressly or impliedly.

### TWELFTH AFFIRMATIVE DEFENSE

### (Innocent Infringement)

48.     Any purported copyright infringement by UMGI, which UMGI denies, was innocent.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Other Affirmative Defenses Reserved)

49.     UMGI has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, separate defenses available to it.  UMGI reserves the right to assert additional affirmative defenses in the event discovery indicates such defenses would be appropriate.

/ / /

WHEREFORE, UMGI prays as follows:

1.     That Plaintiff takes nothing by the Complaint;

2.     For costs of suit incurred herein;

3.     For attorneys' fees and full costs pursuant to 17 U.S.C. § 505; and

4.     For such other relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

UMGI demands a trial by jury for all issues triable to a jury.

DATED this 29th day of July 2016.

                                        DICKINSON WRIGHT PLLC


                                        */s/ Michael N. Feder*
                                        MICHAEL N. FEDER
                                        Nevada Bar No. 7332
                                        GABRIEL A. BLUMBERG
                                        Nevada Bar No. 12332
                                        8363 West Sunset Road, Suite 200
                                        Las Vegas, Nevada  89113-2210

                                        JEFFER MANGELS BUTLER & MITCHELL LLP
                                        JEFFREY D. GOLDMAN
                                        (*pro hac vice application to be submitted*)
                                        TALYA GOLDFINGER
                                        (*pro hac vice application to be submitted*)
                                        1900 Avenue of the Stars, 7th Floor
                                        Los Angeles, California  90067

                                        *Attorneys for Universal Music Group, Inc.*

## CERTIFICATE OF SERVICE

The undersigned, an employee of Dickinson Wright PLLC, hereby certifies that on the 29th day of July 2016, a copy of the foregoing ***ANSWER OF DEFENDANT UNIVERSAL MUSIC GROUP, INC. TO COMPLAINT***, was served electronically to all parties of interest through the Court's CM/ECF system as follows:

Ryan Gile, Esq.
Email:  rgile@weidemiller.com
F. Christopher Austin, Esq.
caustin@weidemiller.com
WEIDE & MILLER, LTD.
7251 West Lake Mead Boulevard, Suite 530
Las Vegas, NV  89128
*Attorneys for Alisa Apps*

**AND** by regular, First Class U.S. Mail, postage prepaid to:

Philip P. Mann
Email:  phil@mannlawgroup.com
Timothy J. Billick
MANN LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA  98101
*Attorneys for Alisa Apps*

*/s/ Kathryn Koehm*
An employee of Dickinson Wright PLLC

DICKINSON WRIGHT PLLC
8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89113-2210

8